# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL, | CASE NO. 08cv1622-WQH-NLS |
| Plaintiff, | **ORDER** |
| vs. | |
| PRISCILLA D. CASTILLO, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are Plaintiff's motion to proceed in forma pauperis (Doc. # 3) and motion to appoint counsel (Doc. # 4).

On September 4, 2008, Plaintiff Grace Sandoval, a nonprisoner proceeding pro se, filed a personal injury complaint (Doc. # 1); a RICO case statement (Doc. # 2); a motion for leave to proceed in forma pauperis (Doc. # 3); and a motion to appoint counsel (Doc. # 4).

**DISCUSSION**

*1.   Motion to Proceed in Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that

1  she is unable to pay the fees or post securities required to maintain this action.  Accordingly, the
2  Court GRANTS Plaintiff's Motion to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).
3  The Clerk of Court shall file the Complaint without prepayment of the filing fee.

4  *2.      Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)*

5  After granting IFP status, the Court must dismiss the case if the case "fails to state a claim
6  on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B).  A review of the
7  complaint shows that Plaintiff's complaint fails to state a cognizable claim.  The Court further
8  finds that the complaint is frivolous.

9  Plaintiff fails to allege any facts in the complaint establishing a cause of action under the
10 racketeering statute at 18 U.S.C. § 1962, et seq.  The standard used to evaluate a motion to dismiss
11 is a liberal one, particularly when the action has been filed pro se.  *Estelle v. Gamble*, 429 U.S. 97,
12 97 (1976).  However, even a "liberal interpretation . . . may not supply elements of the claim that
13 were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.
14 1982).  One of the essential elements of a RICO violation is alleging the defendant was involved in
15 a pattern of racketeering activities or collection of unlawful debts. *Holmes v. Securities Investor*
16 *Protection Corp.*, 503 U.S. 258 (1992).  Nowhere in her complaint does Plaintiff allege a pattern
17 of racketeering activities committed by the named Defendant.

18 "[A] complaint, containing as it does both factual allegations and legal conclusions, is
19 frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when
20 applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful
21 factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d
22 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Lopez v. Dept.*
23 *of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991).  When determining whether a complaint is
24 frivolous, the court need not accept the factual allegations as true, but must "pierce the veil of the
25 complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v.*
26 *Hernandez*, 504 U.S. 25, 33 (quoting *Neitzke*, 490 U.S. at 327-28).  In this case, Plaintiff does not
27 state a claim against the defendant, but instead makes delusional claims against various entities
28 and celebrities.  For example, Plaintiff asserts "Priscilla Castillo is joined with many others with

false attorneys degrees and false judge degrees that are involved in the rape of may of Elvis Presley relatives." (Complaint, 4.) Plaintiff accuses "O.J. Simpson" of demanding a third party "to drill the human bones human heart, human esophagus, human sternum bone, human spine vertebrae, human forehead, and the human pelvic, the human face in the human body of my two daughters." (Complaint, 4.) In a final example, Plaintiff accuses "Priscilla Castillo, Susan Golding, etc. and the orphans from Fallujah Iraq, the group of people from the country of India, the Germans from Oceanside, California, the Indians from Yuma, Arizona, the Indians from Rincon Indian Reservation, San Diego County, California and many others in the TaliBan organization" of "stealing money Felomena N. Dutra." (Complaint, 10.) The Court finds that there is no logical construction of Plaintiff's complaint from which to divine a viable claim against the named defendants. Plaintiff's allegations are fanciful and delusional and "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Accordingly, the Court DISMISSES Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

*3.     Appointment of Counsel*

Because the Court dismisses the case, the Plaintiff's request for appointment of counsel is DENIED as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is GRANTED. The Court DISMISSES the case without prejudice, and DENIES Plaintiff's request for appointment of counsel.

DATED: November 3, 2008

**WILLIAM Q. HAYES**
United States District Judge